UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division
Office of the Clerk

*Thomas M. Gould, Clerk*　　　　　　　　　　　　　　　　　　　　　　　　　*Deputy-in-Charge*
*242 Federal Building*　　　　　　　　　　　　　　　　　　　　　　　　*U. S. Courthouse, Room 262*
*167 N. Main Street*　　　　　　　　　　　　　　　　　　　　　　　　*111 South Highland Avenue*
*Memphis, Tennessee 38103*　　　　　　　　　　　　　　　　　　　　*Jackson, Tennessee  38301*
*(901) 495-1200*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*(731) 421-9200*

## NOTICE OF SETTING
Before Judge Charmiane G. Claxton, United States Magistrate Judge

September 15, 2011

*In Re:*   **2:11-cv-02548-STA-cgc**
　　　　　**Sanchez v. Verified Person, Inc.**

Dear Sir/Madam:

**A SCHEDULING CONFERENCE,** pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, has been **SET** before **Magistrate Judge Charmiane G. Claxton** on **WEDNESDAY, October 12, 2011** at **10:15 AM (CST)** in **Room 357** on the **3rd floor** of the **Federal Building, Memphis, Tennessee.** Please see attached instructions**.**

Please submit a joint proposed Scheduling Order prepared according to the attached form order to Judge Claxton's chambers at ECF_Judge_Claxton@tnwd.uscourts.gov **one (1) week prior to the date of the conference**. If the order is approved, the conference will be cancelled and it will be noted on the docket sheet that the scheduling conference has been cancelled. **If you are not notified prior to the scheduling conference that the order has been approved, then counsel must appear at the conference. *****PLEASE NOTE: THE FOREGOING DOES NOT APPLY WHEN PRO SE LITIGANTS ARE INVOLVED.*****

**OUT OF TOWN COUNSEL** may appear in person or via telephone **(hard line only, no cell phones).** If counsel wish to participate via telephone, please submit request to Magistrate Judge Claxton's chambers within three (3) business days prior to the hearing to the email address provided above.

If you have any questions regarding the above, please do not hesitate to contact me.

　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　*s/ Bernita V. Henley*
　　　　　　　　　　　　　BY:　　Bernita V. Henley, Judicial Assistant to the
　　　　　　　　　　　　　　　　　　Honorable Charmiane G. Claxton
　　　　　　　　　　　　　　　　　　901-495-1312

Attachment

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Office of the Clerk

INSTRUCTIONS CONCERNING
RULE 16(b) SCHEDULING CONFERENCE

I. DUTY TO NOTIFY

Since this scheduling conference may be set before the defendant[s] has been served or has appeared in the case, counsel for the plaintiff is responsible for notification of defendant[s] or defendant[s]' counsel of the setting of the first Rule 16(b) Conference. If plaintiff's counsel is unable to notify the defendant[s] or defendant[s]' counsel, then plaintiff's counsel shall, at least two (2) working days prior to the scheduled Rule 16(b) Conference, so notify the Court.

II. DUTY TO CONFER

Prior to the scheduling conference, counsel are required to consult regarding schedules for completion of discovery, filing of motions, trial and pretrial activities and other matters addressed in these instructions.

III.    ATTENDANCE REQUIRED

The attendance of all unrepresented parties and lead trial counsel for each represented party is required at the scheduling conference; the unrepresented parties and counsel must be prepared to address any pending motions or motions which may be raised orally at the conference. Failure to appear may result in the imposition of sanctions. (See ¶ VII.)

Out-of-town counsel may request permission from the magistrate judge to handle the conference by telephone, provided the request is made within days (3) days of the date of this conference. The request must be made in writing and must include names and telephone numbers of all parties. The conference call for the scheduling conference will be initiated by the judge's chambers.

IV.    INITIAL DISCLOSURE

Fed.R.Civ.P. Rule 26(a)(1) & (2) and Rule 26(f) will be enforced. Therefore, in accordance with Fed.R.Civ.P. 26(f), the parties shall, at least 14 days prior to the Rule 16(b) scheduling conference, meet for discussions in accordance with Rule 26(f) and for the purpose of preparing a proposed discovery plan. The parties shall file a written report outlining the proposed discovery plan at least 4 days prior to the first conference. Counsel should refer to Form 35, Appendix of Forms to

Fed.R.Civ.P., for a checklist of items to be discussed at the Rule 26(f) meeting and included in the written report. Moreover, with in 10 days of the 26(f) meeting (i.e. at least 4 days prior to the scheduling conference), the parties[1] shall make disclosure pursuant to Rule 26(a)(1) without formal discovery requests. Counsel are further advised that, absent any agreement of the parties, no formal discovery demand may issue pending the meeting under Rule 26(f). Unless the parties stipulate otherwise, the number of interrogatories will be limited to 25 in accordance with Fed.R.Civ.P. 33, and the number of depositions will be limited to ten in accordance with Fed.R.Civ.P. 30.

## V.  REQUEST FOR EXEMPTION FROM RULE 26

Counsel or parties wishing to request that they not be required to comply with provisions of Rule 26(a) or (f) of the Federal Rules of Civil Procedure, must adhere to the following procedure in making the request. Requests are to be made by motion in writing in compliance with local rules of this court. Requests for exemption from the disclosure provisions of Rule 26(a) must be made at least ten days before the date disclosure is required by the rule. Requests for exemption from the Rule 26(f) meeting requirements must be made at least seven days before the date scheduled for the meeting or, if the parties have scheduled no meeting, at least twenty-one days before the date of the scheduling conference.

## VI.  SUBJECTS AT CONFERENCE

Generally, at the scheduling conference, the following subjects will be addressed:

1. The status of the case, the general nature of the claims and defenses, issues in the case, and potential use of experts;

2. Jurisdictional and statute of limitations issues (all jurisdictional questions or timeliness questions should be reviewed in advance of the scheduling conference and, if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters which require early disposition);[2]

3. Setting of all deadlines for filing preliminary motions, the establishment of all deadlines for discovery (including disclosure of expert witness information where appropriate), the establishment of final deadlines for filing pretrial motions (including all motions for summary judgment), joining parties, amending pleadings, the establishment of pretrial conference and trial dates, and the establishment of any other appropriate deadlines. The court expects to set a definite trial date for this case which does not conflict with criminal case settings. The trial date will be consistent with the particular needs of this case and will be no later than eighteen

---

[1]Except for parties in pro se prisoner litigation.

[2] Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

       months from the date of filing, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting.

4. The desire of the parties to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

5. The possibility of settlement, your position regarding settlement, and the desire of the parties to utilize alternative dispute resolution, including the court-annexed mediation program plan or private mediation.

6. Status of all document discovery (parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas duces tecum to third parties);

7. Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual's physical or mental condition, etc.);

8. Estimated trial time, and any special issues anticipated in connection with trial; and

9. Any pending motions or motions which may be raised orally at the conference.

## VII.  ORDER TO BE ENTERED

An order will be entered reflecting the results of the scheduling conference. The order will include deadlines for filing motions and completing discovery, and the establishment of pretrial conference and trial dates. Attached as Exhibit "A" to this notice is a Form Rule 16(b) Scheduling Order which counsel may use as a proposed order after developing appropriate agreed-upon deadlines.

## VIII.  SANCTIONS FOR FAILURE TO APPEAR

Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an ex parte hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| vs. | ) | No. _____ |
|  | ) ) ) ) | |
| Defendant. | ) | |

MODEL SCHEDULING ORDER FOR ROUTINE CASES
[This contemplates a Rule 16(b) scheduling conference
to be held within 60 days of the filing of
the complaint and trial within 12-14 months
of the filing of the complaint.]

Pursuant to written notice, a scheduling conference was held _____. Present were _____, counsel for plaintiff, and _____, counsel for defendants. At the conference, the following dates were established as the final dates for:

INITIAL DISCLOSURES PURSUANT TO Fed.R.Civ.P. 26(a)(1):
14 days after the 26(f) conference. If not made before the Rule 16(b) conference, then 14 days after the Rule 16(b) conference.

JOINING PARTIES:                          within 2 months after conference

AMENDING PLEADINGS:                       within 2 months after conference

INITIAL MOTIONS TO DISMISS:               within 3 months after conference

COMPLETING ALL DISCOVERY:                 within 6 to 8 months after conference

    (a)    DOCUMENT PRODUCTION :(Same as discovery deadline or at intervals during the discovery period)

    (b)    DEPOSITIONS, INTERROGATORIES AND REQUESTS FOR ADMISSIONS:

    (Same as discovery deadline or at intervals during the discovery period)

  (c)  EXPERT WITNESS DISCLOSURE (Rule 26):

    (1)  DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT
      INFORMATION:      2 months before after close of discovery

    (2)  DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT
      INFORMATION:      1 month before close of discovery

    (3)  EXPERT WITNESS DEPOSITIONS:    by discovery deadline

FILING DISPOSITIVE MOTIONS:      within 1 month of close of discovery

OTHER RELEVANT MATTERS:

  Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in **[hard-copy/electronic]** form.  Counsel have discussed the categories of electronically stored information that may be the subject of discovery and are making efforts to determine the accessibility of such information.

  Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

  No depositions may be scheduled to occur after the discovery cutoff date.  All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

  Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

  **This case is set for [jury/non-jury] trial, and the trial is expected to last _____ day(s). The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.**

  The parties are ordered to engage in court-annexed attorney mediation or private mediation between the close of discovery and the dispositive motions deadline.  Within eleven (11) days after the close of discovery or the date on which mediation occurs, whichever is earlier, the parties are directed to provide to the Court a status report containing when the mediation occurred and with whom and, if unsuccessful, whether additional efforts might be beneficial.  If no mediation has been undertaken on or

before the close of discovery, the parties are to report the date on which it is scheduled or the reason for its nonoccurrence.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion for summary judgment, without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required. Pursuant to Fed. R. Civ. P. 56(c)(1)(C), a party moving for summary judgment may file a reply within 14 days after being served with the response in opposition to the motion.

**The parties [have/have not] consented to trial before the magistrate judge.**

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

IT IS SO ORDERED this ___ day of _____, 2011.

CHARMIANE G. CLAXTON
United States Magistrate Judge