## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JESUS R. SANCHEZ, on behalf of himself** )<br>**and all others similarly situated** )<br> )<br>　　　　**Plaintiff,** )<br> )<br>**v.** )<br> )<br>**VERIFIED PERSON, INC.,** )<br> )<br>　　　　**Defendant.** ) | **No.:  2:11-cv-02548**<br>**Judge S. Thomas Anderson**<br>**Magistrate Judge Charmiane G. Claxton** |

## ANSWER OF DEFENDANT, VERIFIED PERSON, INC., TO PLAINTIFF'S
## COMPLAINT, WITH AFFIRMATIVE DEFENSES

Defendant, Verified Person, Inc. (hereinafter "VPI"), by and through its undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby Answers  Plaintiff's Complaint, as follows:

### PRELIMINARY STATEMENT

1.　　　Admitted in part; denied in part.  It is admitted only that Plaintiff purports to bring this matter as a consumer class action for alleged violations of the Fair Credit Reporting Act ("FCRA").  VPI denies the allegations in the Preliminary Statement that VPI violated the FCRA or is liable to plaintiff or any putative class.  It is denied that this matter can be properly maintained as a class action, that plaintiff is a proper class representative or that plaintiff or any putative class members are entitled to any relief under the FCRA.  By way of further answer, any and all allegations regarding the effects of any policies, procedures or alleged actions of VPI are denied as conclusions of law to which no response is required.

**JURISDICTION AND VENUE**

2.        Admitted in part; denied in part.  It is admitted only that Plaintiff alleges that this court has subject matter jurisdiction.  The remaining allegations of paragraph 2 are denied as conclusions of law to which no response is required.

3.        Denied.  The allegations in Paragraph 3 are conclusions of law to which no response is required.

**PARTIES**

4.        Denied as stated.  VPI lacks sufficient knowledge or information regarding plaintiff's residency and, therefore, denies same.  The remaining allegations of paragraph 4 are denied as conclusions of law to which no response is required.

5.        Admitted in part; denied in part.  It is admitted only that VPI is a Delaware corporation headquartered in Memphis, Tennessee.  The remaining allegations of paragraph 5 are denied as conclusions of law to which no response is required.

**FACTUAL ALLEGATIONS**

6.        Denied.  The allegations in Paragraph 6 are conclusions of law to which no response is required.

7.        Admitted in part; denied in part.  It is admitted only that VPI's business includes providing background screening reports to its customers, which may include the criminal record history of individuals.  The remaining allegations of paragraph 7 are denied as conclusions of law to which no response is required.

8.        Admitted in part; denied in part.  It is admitted only that VPI's business includes providing background screening reports to its customers, which may include the criminal record history of individuals.  The remaining allegations of paragraph 8 are denied as conclusions of law to which no response is required.

9.      Denied.  The allegations in Paragraph 9 are conclusions of law to which no response is required.

10.     Denied.  The allegations in Paragraph 10 are conclusions of law to which no response is required.

11.     Denied.  The allegations in Paragraph 11 are conclusions of law to which no response is required.

12.     Denied.  VPI denies that its policies, practices or procedures do not meet the requirements of the FCRA.  To the contrary, VPI maintains appropriate policies, practices and procedures in conformance with the FCRA.  By way of further response, the allegations of paragraph 12 are conclusions of law to which no response is required.

13.      Denied.  The allegations in Paragraph 13 are conclusions of law to which no response is required.   By way of further answer, at all relevant times, VPI maintained appropriate policies, practices and procedures in conformance with the FCRA.

14.     Denied.  The allegations in Paragraph 14 are conclusions of law to which no response is required.   By way of further answer, at all relevant times, VPI maintained appropriate policies, practices and procedures in conformance with the FCRA.

15.      Denied.  The allegations in Paragraph 15 are conclusions of law to which no response is required.   By way of further answer, at all relevant times, VPI maintained appropriate policies, practices and procedures in conformance with the FCRA.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

16.      Denied.  VPI is without sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 16 and, therefore, denies same.

17.     Denied.  VPI is without sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 17 and, therefore, denies same.

18.     Admitted in part; denied in part.  It is admitted only that Midway Services engaged VPI.  VPI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 18 and, therefore, denies same.

19.     Admitted in part; denied in part.  It is admitted only that VPI provided a "Background Screening Report" relating to Sanchez.  Said Background Screening Report is a document which speaks for itself, and any characterization of the document or its contents is denied.

20.     Admitted in part; denied in part.  It is admitted only that VPI did not provide notice to Sanchez.  It is denied that any such notification was required by any statute or law.  By way of further response, upon information and belief, Sanchez was hired by Midway and therefore Midway did not take any adverse action related to the contents of the Background Screening Report.

21.     Denied.  The allegations in Paragraph 21 are conclusions of law to which no response is required.

22.     Denied.  The allegations in Paragraph 21 are conclusions of law to which no response is required.

## CLASS ACTION ALLEGATIONS

23(including subparts "a." and" b.").  Admitted in part; denied in part.  VPI admits only that Sanchez is attempting to bring this action individually and as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.  VPI denies, as conclusions of law, that Plaintiff has properly articulated any class or subclass or that the underlying requirements for a

4

class action lawsuit have been met or can be met by Plaintiff.  By way of further answer, VPI denies that this matter can be properly maintained as a class action, that plaintiff is a proper class representative or that plaintiff or any putative class members are entitled to any relief under the FCRA.  Additionally, the proposed class and subclass set forth within paragraph 23 and its subparts are denied as conclusions of law to which no response is required.

24.     Admitted in part; denied in part.  It is admitted only that VPI's business includes selling reports, some of which may contain criminal history information.  The remaining allegations in Paragraph 23 are denied as conclusions of law to which no response is required.

25.     Denied.  The allegations in Paragraph 25 are conclusions of law to which no response is required.

26.     Denied.  The allegations in Paragraph 26 are conclusions of law to which no response is required.

27.     Denied.  The allegations in Paragraph 27 are conclusions of law to which no response is required.

28.     Denied.  The allegations in Paragraph 28 are conclusions of law to which no response is required.

29.     Denied.  The allegations in Paragraph 29 are conclusions of law to which no response is required.  By way of further response, it is denied that a private litigant is entitled to injunctive or declaratory relief in the context of an FCRA claim, nor does plaintiff make any request for injunctive or declaratory relief in its prayer for relief.

30.     Denied.  The allegations in Paragraph 30 are conclusions of law to which no response is required.

## COUNT ONE – WILLFUL VIOLATION OF FCRA

31.     VPI incorporates its answers to paragraphs 1 – 30 hereof, as if the same were fully set forth herein.

32.     a. – d.  Denied.  The allegations in Paragraph 32 and each of its subparts are denied as conclusions of law to which no response is required.

## COUNT TWO – WILLFUL VIOLATION OF FCRA

33.     VPI incorporates its answers to paragraphs 1 – 32 hereof, as if the same were fully set forth herein.

34.     a. – d.  Denied.  The allegations in Paragraph 34 and each of its subparts are denied as conclusions of law to which no response is required.

## JURY TRIAL DEMAND

35.  Admitted.

**WHEREFORE,** VPI requests that judgment be entered in its favor and against Plaintiff, together with interest, fees and costs and that Plaintiff's individual claims and class claims be dismissed, with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim, either individually or on behalf of any class, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a viable class action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not incur any actual damages, since Plaintiff was hired by Midway Services despite any criminal history information in Plaintiff's background screening report.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate class representative.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's defined class and/or subclass lacks typicality and commonality.

## SIXTH AFFIRMATIVE DEFENSE

As a matter of law, there is no valid basis for the proposed "1681k class", since a CRA can either maintain strict procedures or provide notice to a consumer in accordance with the FCRA.  There is no obligation to provide notice to each consumer, due to the choice given to the CRA by the terms of the statute.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet the standards for class certification as set forth in the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

The questions of law and fact common to the proposed class members do not predominate over questions effecting only plaintiff.

## NINTH AFFIRMATIVE DEFENSE

The proposed class and/or subclass are not so numerous that joinder of all members is impracticable.

## TENTH AFFIRMATIVE DEFENSE

A class action is not superior to other available means for the fair and effective adjudication of the controversy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot fairly and adequately assert and protect the interests of the alleged class and/or subclass.

## TWELFTH AFFIRMATIVE DEFENSE

VPI acted in accordance with the FCRA at all times relevant.

## THIRTEENTH AFFIRMATIVE DEFENSE

VPI did not act willfully or maliciously or recklessly in issuing plaintiff's background screening report.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any proposed class members may be barred or limited by the provisions of the FCRA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

VPI asserts any and all defenses available to it under the FCRA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any proposed class members may be barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a release.  Specifically, pursuant to the Midway Services Applicant Notification form signed by Plaintiff, Plaintiff agreed to release VPI, and hold VPI harmless from all liability with respect to his application for employment at Midway Services, including any information requested or supplied with respect to said application, including verification of his criminal history by VPI.

## NINETEENTH AFFIRMATIVE DEFENSE

The named plaintiff's individual circumstances are markedly different than other alleged class members.

## TWENTIETH AFFIRMATIVE DEFENSE

VPI reserves the right to raise additional defenses as this case proceeds through discovery.

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.


By:    /s/ R. Dale Bay
    R. Dale Bay, BPR No. 10896
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN  37219
    (615) 259-1366
    dbay@lewisking.com

and

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**


**BY:**    /s/ Eric A. Packel
    ERIC A. PACKEL
    Attorney ID. No. 49776

9

1845 Walnut Street
Philadelphia, PA  19103
215-575-4554
215-575-0856 (fax)
eapackel@mdwcg.com
(Admitted *Pro Hac Vice*)

Attorneys for Defendant, Verified Person, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of September, 2011, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

> Matthew A. Dooley, Esq.
> Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman Co., LPA
> 5455 Detroit Road
> Sheffield Village, OH  44054
>
> Kenneth P. Hassett, Esq.
> Hassett & Associates, P.A.
> 6099 Stirling Road, Suite 217
> Davie, FL  33314-7236
>
> Michael T. Schmitt, Esq.
> Ortale, Kelley, Herbert & Crawford
> 200 Fourth Avenue N.
> Third Floor, Noel Place
> Nashville, TN  37219

LEWIS, KING, KRIEG & WALDROP, P.C.

By:      /s/ R. Dale Bay
        R. Dale Bay, BPR No. 10896
        424 Church Street, Suite 2500
        P.O. Box 198615
        Nashville, TN  37219
        (615) 259-1366
        dbay@lewisking.com

11