UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESUS R. SANCHEZ,<br><br>     Plaintiff,<br><br>vs.<br><br>VERIFIED PERSON, INC.,<br><br>     Defendant. | Civil Action No.<br><br>2:11-cv-02548<br><br>Judge S. Thomas Anderson<br>Magistrate Judge Charmiane G. Claxton |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE ITS RULE 68 OFFER OF JUDGMENT**

Plaintiff's Motion to Strike is procedurally improper and is nothing more than an attempt by Plaintiff to circumvent its duty to respond to a properly served tool provided by the Federal Rules of Civil Procedure. As such, Plaintiff's motion should be denied.

**I. INTRODUCTION**

Plaintiff's Motion to Strike attacks the validity of VPI's Rule 68 Offer of Judgment, which was made in accordance with the Federal Rules of Civil Procedure, and which was served in a reasonable unhurried fashion -- more than six months after this litigation commenced. In attempting to circumvent the purpose of Rule 68, Plaintiff relies primarily on decisions outside the Sixth Circuit Court of Appeals, where some courts have actively chosen to create an exception to the established procedural rules and make an end-run around Article III of the Constitution and the jurisdiction of federal courts.

Plaintiff points out that these courts have noted a tension between Rule 68 and Rule 23 of the federal rules, and choose to resolve that tension by disallowing Offers of Judgment in some circumstances so as to prolong the possibility of an alleged, but not yet proven class, and avoid

the effect of mooting possible class relief. Plaintiff now asks this Court to construct a similar revision of the federal rules in the Sixth Circuit, which would effectively eliminate all F.R.C.P. 68 Offers of Judgment before a motion for class certification, where a plaintiff has simply pasted the label of "class action" to his complaint. This would effectively moot a well-established rule and allow Plaintiff's counsel to unnecessarily drive up attorneys' fees, often to the detriment of their client.

As set forth in detail below, the Sixth Circuit Court of Appeals has *not* adopted the argument urged by plaintiff, nor is there any reason that this Court should now accept that position. Indeed, the cases cited by Plaintiff can be readily distinguished from the instant matter. Moreover, Plaintiff's Motion to Strike is itself procedurally improper, since Defendant has not yet filed the unaccepted offer of judgment in a proceeding to determine costs. As such, Plaintiff's motion is premature, as the issue is not yet ripe, and the Court should deny Plaintiff's motion. *See* F.R.C.P. 68(b).

## II.   RELEVANT FACTUAL BACKGROUND

This action was filed on June 30, 2011, with Jesus R. Sanchez as the sole plaintiff (*See* Docket Entry, hereinafter "D.E." 1).[1] The Complaint is labeled as a "class action complaint" and includes conclusory class action allegations (D.E. 1 at ¶¶ 23 – 30). Plaintiff's claims are based solely on alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.* (D.E. 1 at ¶¶ 31 – 34).

Plaintiff alleges that a background screening report prepared by VPI for plaintiff's prospective employer, improperly identified Plaintiff's prior criminal convictions in Broward

---

[1] Shortly before filing the subject Motion to Strike, Plaintiff filed a Motion for Leave to Amend the Complaint. The proposed amended complaint attached to said motion seeks to add a new party defendant, but is otherwise substantially and substantively the same as the original Complaint. Mr. Sanchez remains the sole named plaintiff. (*See* D.E. 19).

County, Florida. The crux of Plaintiff's claims are that these criminal conviction records were later sealed by the Broward County Court and should not have been included in VPI's report. Plaintiff's Complaint is based on purported technical violations of the FCRA relating to his unique individual circumstances and the process in Broward County (D.E. 1 at ¶¶ 16 – 22).

Significantly, Plaintiff does not allege that his employment was derailed as a result of the criminal history information appearing in his background screening report. Rather, the allegations pertain only to the fact that the report simply contained the Broward County criminal history information, not that it was used against him to his detriment.[2] *Id.*

On January 11, 2012, more than six months after Plaintiff's Complaint was filed, VPI served Plaintiff's Counsel with a Rule 68 Offer of Judgment which more than satisfies Plaintiff's possible recovery under the FCRA claims alleged. In accordance with F.R.C.P. 68, Plaintiff had 14 days, or until January 25, 2012 in which to accept the Offer of Judgment. That date has now passed and the offer was not accepted.[3] In the meantime, Plaintiff filed the subject Motion to Strike (D.E. 20). To date, Plaintiff has not moved for class certification.

### III. LEGAL ARGUMENT

#### A. PLAINTIFF'S ARGUMENTS ARE INSUFFICIENT TO JUSTIFY STRIKING A VALID RULE 68 OFFER OF JUDGMENT.

The plain purpose of Rule 68 is to encourage settlement and avoid litigation. *Marek v. Chesny*, 473 U.S. 1, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985); see also *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624 (6th Cir. Tenn. 2005). VPI's Offer of Judgment

---

[2] In an apparent strategic omission, Plaintiff neglected to include critical information regarding his employment in his Complaint. However, as set forth in VPI's Answer and Affirmative Defenses to the Complaint (D.E. 16 at pp. 4, 7), Mr. Sanchez was hired by the employer that received VPI's report.

[3] In accordance with F.R.C.P. 68, an unaccepted offer is deemed withdrawn. Moreover, as discussed in detail *infra*, evidence of an unaccepted offer of judgment is not admissible except in a proceeding to determine costs. F.R.C.P 68(b).

was made in accordance with this long-established purpose of Rule 68 and plaintiff cites no legitimate basis for carving out a special exception to Rule 68 based on procedural case law.

Plaintiff relies largely on *Weiss v. Regal Collections*, 385 F.3d 337 (3d. Cir. 2004) and its progeny, for the proposition that a Rule 68 Offer of Judgment should not be made to a putative class representative (prior to a motion for class certification), because it could be viewed as an attempt to "pick off" the named plaintiff to the detriment of a class that is yet a mere possibility. While this argument may have been adopted in the Third Circuit and a few other jurisdictions (subject to the specific factual circumstances), it is not the law in the Sixth Circuit and this Court should not be persuaded by the Third Circuit's reasoning.

At best, the law in the Sixth Circuit regarding the appropriateness of a Rule 68 Offer of Judgment in a purported class action is unsettled. But it is untrue that the Third Circuit's path is the only road taken by district courts in the 6th circuit. *See e.g.*, *Valentine v. Check Plus Sys., L.P.*, 2010 U.S. Dist. LEXIS 63258, 13-14 (N.D. Ohio June 23, 2010)(Rejecting Plaintiff's reliance on *Weiss v. Regal Collections* in order to avoid the ramifications of an offer of judgment, and stating that the 6th Circuit adopted the approach of the 2nd and 7th Circuits which allow for a Rule 68 offer of judgment in the context of a class action); *see also Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 852 (W.D. Ky. 2007)(Noting that the 6th Circuit had not directly addressed the tension between Rule 23 and Rule 68 where an offer of judgment was made before a motion for class certification).

In *Tallon*, plaintiff alleged that defendants violated the Fair Debt Collection Practices Act ("FDCPA") and brought the action on behalf of himself and others similarly situated. Just over 8 months after the complaint was filed and before plaintiff moved for class certification, Defendants made a Rule 68 offer of judgment to Plaintiff. When the offer was not accepted within the 10 day

time period,[4] Defendants moved for summary judgment contending that the offer of judgment satisfied Tallon's claims and potential damages. *Tallon* at 848-49.

Although plaintiff in *Tallon* did not move to strike the offer of judgment, the *Tallon* court analyzed the Sixth Circuit's approach to an offer of judgment made in the class action context and specifically addressed the very same "picking off" concerns raised by Plaintiff herein. In dismissing the named plaintiff and putative class claims, the *Tallon* court stated, as follows:

> [T]he court acknowledges that it is cutting off potential relief for potential class members, at least temporarily. However, these persons are not foreclosed from relief altogether: they can file lawsuits themselves to recover their statutory damages. This ruling will not operate to estop other potential class members from seeking relief for their proven damages. Furthermore, <u>it does not appear that Defendants have rushed to "cut off" the named plaintiff's claims in hopes of thwarting a class action. On the contrary, Defendants made a good-faith offer of judgment within a reasonable period of time which fully satisfies Plaintiff's claims.</u>

*Id.* at 853. (Emphasis added).

Similarly, in the instant matter, VPI's offer of judgment was not rushed out the door in an attempt to block Plaintiff's claims. Rather, VPI's offer of judgment was made more than 6 months after the Complaint was filed. *Cf. Regal Collections*, 385 F.3d at 339 (Rule 68 offer of judgment served <u>before</u> answer was filed). Nor is there any reason to fear that some other unknown individuals would be foreclosed from seeking relief for their claims, since any future lawsuits are not barred.

The *Tallon* approach was recently mirrored by the Seventh Circuit in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. Ill. 2011). *Damasco* dealt with an analogous situation where plaintiff had been offered complete relief (albeit not under Rule 68) in a potential class action and no motion for class certification was pending at the time. *Id.* at 893-94.

---

[4] At the time, Rule 68 prescribed a 10 day time period in which to accept an offer of judgment. The current rule provides for a 14 day time period. *See* F.R.C.P. 68.

Declining to follow the Third Circuit and the concerns about "buying off" individual plaintiffs, the *Damasco* court noted that jurisdictional issues under Article III of the Constitution trump picking off concerns and it refused to carve out an exception so as to allow a case to continue in federal court where the sole plaintiff no longer maintained a stake in the proceedings. "That the complaint identifies the suit as a class action is not enough by itself to keep the case in federal court." *Damasco* at 895-96. As such, the *Damasco* court refused to create a new rule that "runs afoul of Article III".[5] *Id.* at 896.

Likewise, Plaintiff's fear of "picking off" or the prospect for successive litigation by imagined class members is not enough to justify eviscerating Rule 68 in an embryonic class action and creating a new operation of the federal rules in the Sixth Circuit. While the Third Circuit in *Regal Collections* was concerned about thwarting class actions, the flip-side of the argument is that a plaintiff could merely label a complaint as a "class action", thereby intentionally thwarting the operation of Rule 68 prior to a motion for class certification and frustrating the very purpose of the Rule -- encouraging settlements. This would also have the effect of needlessly prolonging litigation on the federal docket and wasting judicial resources, since defendants would, absent Rule 68 at this stage, be forced to engage in expensive pre-class certification discovery and respond to motions for class certification in every matter that was merely slapped with the "class action" label.

In fact, the outcome urged by Plaintiff would likely lead to numerous class actions that are, in reality, mere fishing expeditions, where counsel is simply searching for potential class members and all the while driving up unnecessary attorneys' fees. Such an abuse is not in line with the purpose of the Federal Rules. This concern is particularly apt in putative class actions

---

[5] The court also noted that a putative class action plaintiff could remedy picking off fears by moving to certify a class at the time the complaint is filed. *Damasco* at 896.

like the instant matter, where the Complaint concerns a specific factual situation that relates to just one particular individual (one individual's background screening report), with no systemic issue leading to the conclusion that there are clearly other potential class members. Contrast, for example, the situation of a data breach incident where there is no doubt that the personal information of thousands or even millions of individuals was exposed in the same event. *See e.g. Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011). Plaintiff should not be allowed to subvert Rule 68 with an ephemeral class and picking off worries, in order to prolong litigation so as to conduct a fishing expedition in the hope that it might one day discover a viable class claim.

### B. THE CASES RELIED ON BY PLAINTIFF ARE DISTINGUISHABLE, BECAUSE THE FCRA, UNLIKE THE FDCPA, DOES NOT SPECIFICALLY PROVIDE FOR CLASS ACTION DAMAGES.

The principal cases cited by Plaintiff to support its Motion to Strike arise only in the context of FDCPA claims, not under the FCRA. This is not a trivial difference.

Indeed, the 3rd Circuit in *Regal Collections* specifically pointed out that an important basis for its decision was the fact that the FDCPA provided for class damages.

> There is another significant consideration. Congress explicitly provided for class damages in the FDCPA. See 15 U.S.C. § 1692k(a)(2)(B) (establishing maximum damages in class actions under the FDCPA).

*Regal Collections*, 385 F.3d at 345. In other words, the *Regal Collections* court was particularly concerned about possibly thwarting a class action in the FDCPA context, because Congress clearly contemplated class actions in claims asserted under the FDCPA by providing for class damages. The FDCPA provides, in relevant part:

> § 1692k. Civil liability
>
> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of--
>   (1) any actual damage sustained by such person as a result of such failure;
>   (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or
>       (B) <u>in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector;</u>

15 U.S.C. § 1692k(a)(2)(B). (Emphasis added).

The FCRA contains no such explicit (or even implicit) class damages provision. Indeed, if a class is certified, every class member is entitled to statutory damages under the FCRA, with no maximum limitation on damages. Accordingly, the same considerations expressed by *Regal Collections* and its progeny are not present in the instant matter. In fact, because there is no limitation on class damages under the FCRA (unlike the FDCPA), the cost-shifting mechanisms of Rule 68 and the purpose of encouraging settlements takes on even more importance in such claims. The same public policy concerns under the FDCPA when a Rule 68 Offer of Judgment is made to a representative of a putative class, simply do not apply to FCRA claims. Moreover, it would not further public policy to create a judicial amendment to Rule 68 in the 6th Circuit that even the federal rules Advisory Committee considered, but did not adopt. As noted in *Regal Collections*, proposed amendments to Rule 68 to make it inapplicable to class action complaints were suggested, but rejected, in both 1983 and 1984. *Regal Collections* at 344, n. 12.

### C. PURSUANT TO F.R.C.P. 68(b), PLAINTIFF'S MOTION TO STRIKE IS PROCEDURALLY IMPROPER INSOFAR AS THERE IS NOTHING TO STRIKE.

Plaintiff's Motion is procedurally improper and should be denied for that basis alone. F.R.C.P. 68(b) provides, as follows:

> Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. <u>Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs</u>.

(Emphasis added).

Multiple courts have previously dealt with this issue and their reasoning is sound. In *Buechler v. Keyco, Inc.,* 2010 U.S. Dist. LEXIS 40197 (D. Md. Apr. 22, 2010), plaintiff moved to strike defendant's offer of judgment and argued in support, similar to Plaintiff in the instant matter, that it was an inappropriate attempt to pick off a class representative. Citing F.R.C.P 68(b), the court denied the motion to strike, deeming it not ripe until the offer was rejected and a request for costs was made. Further, because such a request for costs was not before the court, there was nothing to strike. *Buechler*, 2010 U.S. Dist. LEXIS 40197 at 12-13. *See also*, *Tillman v. Calvary Portfolio Servs.*, LLC, 2009 U.S. Dist. LEXIS 18467, 5-6 (D. Ariz. Feb. 27, 2009) (Motion to Strike an offer of judgment was deemed procedurally improper, since the issue of the validity of an offer of judgment will only ripen after an entry of judgment less favorable than Defendant's offer); *Stovall v. SunTrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 106137, 13-14 (D. Md. Sept. 20, 2011)(Where defendant had not yet filed an unaccepted offer of judgment in a proceeding to determine costs, there was nothing to strike).

Similarly, since VPI has not yet filed an unaccepted offer of judgment in a proceeding to determine costs, there is no offer of judgment before this court that it may strike. That is, Plaintiff's motion is not ripe and is procedurally improper pursuant to F.R.C.P. 68(b).

9

## IV. <u>CONCLUSION</u>

For the foregoing reasons, VPI respectfully requests that this Court Deny Plaintiff's Motion to Strike VPI's Offer of Judgment.

                    Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

By:      /s/Eric A. Packel
ERIC A. PACKEL, ESQUIRE
Attorney ID No. 49776
1845 Walnut Street
Philadelphia, PA 19103
215-575-4554
215-575-0856 (fax)
eapackel@mdwcg.com
(Admitted *Pro Hac Vice*)

Attorneys for Defendant,
Verified Person, Inc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JESUS R. SANCHEZ,**<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**VERIFIED PERSONS, INC.,**<br><br>　　　　　　Defendant. | **Civil Action No.**<br><br>**2:11-cv-02548**<br><br>**Judge S. Thomas Anderson**<br>**Magistrate Judge Charmiane G. Claxton** |

## CERTIFICATE OF SERVICE

I, Eric A. Packel, Esquire, do hereby certify that a true and correct copy of the foregoing Response to Plaintiff's Motion to Strike Defendant's Rule 68 Offer of Judgment, was served upon counsel for Plaintiff by operation of the Court's electronic filing system, as follows:

  Matthew A. Dooley, Esq.
  Anthony R. Pecora, Esq.
  5455 Detroit Road
  Sheffield Village, Ohio  44054
  Email: mdooley@sheffieldlaw.com
      apecora@sheffieldlaw.com

  Michael T. Schmitt, Esq.
  Ortale, Kelley, Herbert & Crawford
  200 Fourth Avenue N.
  Third Floor, Noel Place
  Nashville, TN  37219
  Email: mschmitt@ortalekelley.com

      **MARSHALL, DENNEHEY, WARNER**
      **COLEMAN & GOGGIN**

  By: 　　/s/ Eric A. Packel　　
     ERIC A. PACKEL, ESQUIRE
     Attorney for Defendant, Verified Person, Inc.