## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JESUS R. SANCHEZ, on behalf of himself and all others similarly situated**<br>19746 Southwest 103 Court<br>Miami, Florida  33157<br><br>               Plaintiffs,<br><br>        vs.<br><br>**VERIFIED PERSON, INC.**<br>22 North Front Street<br>Suite 300<br>Memphis, Tennessee 38103<br><br>               Defendant,<br><br>     and<br><br>**E-BACKGROUNDCHECKS.COM, INC.**<br>12770 Coit Road<br>Suite 1150<br>Dallas, Texas 75251<br><br>               New Party Defendant. | CASE NO.  2:11-cv-02548<br><br>DISTRICT JUDGE S. THOMAS ANDERSON<br><br>MAGISTRATE JUDGE CHARMIANE G. CLAXTON |

## FIRST AMENDED CLASS ACTION COMPLAINT

### (Jury Trial Demanded)

## PRELIMINARY STATEMENT

1.      This is a consumer class action based upon Defendant Verified Person, Inc.'s ("VPI")  and New Party Defendant E-Backgroundchecks.com, Inc.'s ("EBC") willful and reckless violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"). Named Plaintiff, Jesus Sanchez, and the putative Class Members bring this action on behalf of thousands of consumers throughout the United States who have been the subject of prejudicial, misleading

and inaccurate consumer reports created by both VPI and EBC and sold to employers, consumer reporting agencies, and other end-users. VPI and EBC adopted and maintained policies and practices of failing to timely update such consumers' criminal record histories to show that such records had been expunged or sealed, thus falsely reporting consumers as having criminal records in violation of 15 U.S.C. § 1681e(b).  When consumer reports are used for employment purposes, the prejudice caused by the erroneous reporting is exacerbated by VPI's failure to notify applicants contemporaneously of the fact that the adverse criminal record information is being sent to employers.  Worse, VPI fails to maintain strict procedures to assure that expunged or sealed records are removed from their reports and that the information reported is complete and up to date. As a result, consumers who are entitled to receive notice from VPI pursuant to 15 U.S.C. § 1681k of the FCRA are deprived of full disclosure and unable to adequately verify and/or dispute the accuracy of the information that both VPI and EBC sell on the open market.  Most significantly, VPI's and EBC's practices harm consumers seeking employment by prejudicing their prospective employers with inaccurate and misleading information, and harming interstate commerce as a whole.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Sanchez is and has been a resident of Miami-Dade County, Florida during all periods relative to this First Amended Complaint, and is a consumer as defined by 15 U.S.C. § 1681a.

2

5.      VPI is a Delaware corporation headquartered in Memphis, Tennessee and is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a.

6.      EBC is a Texas corporation, headquartered in Dallas, Texas and is a CRA as defined by 15 U.S.C. § 1681a.

## FACTUAL ALLEGATIONS PERTAINING TO VPI

7.      Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs, including public record information.

8.      VPI maintains consumer files, which contain public record information concerning, among other things, the criminal record history of individuals.

9.      VPI sells such consumer files to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants.

10.      When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers that are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that adverse public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported.

11.      Alternatively, a CRA is required to maintain strict procedures designed to insure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that it is complete and up to date.

12.      A CRA is also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

13.     Despite these clear and unambiguous requirements of the FCRA, VPI neither notifies the consumer contemporaneously of the fact that public record information is being reported by VPI, nor do they maintain strict procedures designed to insure that such information is complete and up to date, nor do they utilize reasonable procedures designed to assure maximum possible accuracy of reports created and sold. Based upon a common policy and practice, VPI regularly and illegally reports a criminal record that has been expunged or sealed by court order, so that the individual's criminal record history appears more serious than it actually is.

14.     VPI's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal records that have actually been expunged or sealed by court order, they are undoubtedly viewed as less desirable job applicants and more likely not to be hired by the employers who pay VPI to issue such reports.

15.     Further, such consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to VPI's practice, consumers are never provided with any notice that adverse information is reported to prospective employers.

16.     Despite its duty to notify the consumer contemporaneously of the fact that the expunged or sealed criminal record information is being sent to the employer, or maintain strict procedures to assure that criminal record information is complete and up to date, and to utilize procedures designed to assure maximum possible accuracy of the criminal record information it sells to prospective employers, VPI has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties in violation of the FCRA.

## FACTUAL ALLEGATIONS PERTAINING TO EBC

17.     EBC also maintains consumer files, which contain public record information concerning, among other things, the criminal record history of individuals.

18.     EBC sells such consumer files to end-users, including VPI,  for purposes espoused under 15 U.S.C. § 1681b.

19.     EBC is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

20.     Despite its obligations under the FCRA, EBC fails to utilize reasonable procedures designed to assure maximum possible accuracy of reports created and sold. Based upon a common policy and practice, EBC regularly and illegally reports criminal records that have been expunged or sealed by court order, so that the individual's criminal record history appears more serious than it actually is.

21.     EBC's practices not only violate the FCRA as a matter of law, but also exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal records that have actually been expunged or sealed by court order, they are undoubtedly viewed as less desirable and more likely not to be hired by the employers who pay CRAs to issue such reports.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

23.     In 2003, Sanchez pled guilty to four criminal charges involving non-violent offenses.

24.     On April 12, 2007, these offenses were sealed by order of the Broward County Circuit Court.  In its order, the Court noted that adjudication of the four offenses had been withheld, that Sanchez had no other criminal past, and thus his record should be sealed.

25.     In October 2010, Sanchez sought employment with Midway Services, and as part of the applicant screening process, Midway Services engaged VPI to provide a consumer report regarding Sanchez.

26.     In conjunction with Midway Services request, VPI procured a consumer report from EBC regarding Sanchez.

27.     On or about October 21, 2010, both VPI and E-Backgroundchecks.com provided a "Background Screening Report" identifying Sanchez's previously sealed criminal records.

28.     At no time did VPI or EBC provide notice to Sanchez that it had provided adverse information which would be used for employment purposes.

29.     At all times pertinent hereto VPI and EBC were acting by and through each of its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of VPI and EBC respectively.

30.     At all times pertinent hereto,  the conduct of VPI and EBC, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Sanchez.

## CLASS ACTION ALLEGATIONS

31.     Sanchez brings this action individually and as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class and subclass:

a.     **1681k Class**: All natural persons residing in the United States who were the subject of a consumer report prepared by VPI within five (5) years prior to the filing of this action and to whom Defendant did not provide notice that they were furnishing a consumer report on the persons prior to or contemporaneously with their provision of the report.

b.   **1681e(b) VPI Subclass**: All natural persons residing in the United States who were the subject of a consumer report prepared by VPI within five (5) years prior to the filing of this action in which expunged or sealed criminal charges were reported.

c.   **1681e(b) EBC Subclass**: All natural persons residing in the United States who were the subject of a consumer report prepared by EBC within five (5) years prior to the filing of this action in which expunged or sealed criminal charges were reported.

32.   Excluded from the Class and Subclasses are (i) any judge presiding over this action and members of their families; (ii) VPI, VPI's subsidiaries, parent entities, successors, predecessors, and any entity in which VPI or its parent entities have a controlling interest and their current or former employees, officers and directors; (iii) EBC, EBC's subsidiaries, parent entities, successors, predecessors, and any entity in which E-Backgroundchecks.com or its parents have a controlling interest and their current or former employees, officers and directors; (iv) persons who properly execute and file a timely request for exclusion from the Class; and (v) the legal representatives, successors or assigns of any such excluded persons.

33.   The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to VPI and EBC, Sanchez avers upon information and belief that the Class numbers in the thousands. VPI and EBC sell criminal history record information to hundreds of businesses and other consumer reporting agencies throughout the country, and its reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

34.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include (a) whether VPI and willfully violated 15 U.S.C. § 1681k by failing to notify consumers

contemporaneously of the fact that criminal record information is being sent to prospective employers, (b) whether VPI willfully violated 15 U.S.C. § 1681k by failing to maintain strict procedures to assure that the information is complete and up to date, and (c) whether VPI and EBC, by employing a policy and practice of disclosing expunged or sealed criminal record histories, willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

35.    Sanchez's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

36.    Sanchez will fairly and adequately protect the interests of the Class. Sanchez is committed to vigorously litigating this matter. Sanchez has secured counsel experienced in handling consumer class actions. Neither Sanchez nor his counsel has any interests which might cause them not to vigorously pursue this claim.

37.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

38.    VPI and EBC have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against VPI and EBC is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from VPI's and EBC's records.

### COUNT ONE - CLASS CLAIM
### VPI'S VIOLATIONS OF FCRA

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.     Pursuant to 15 U.S.C. § 1681n, VPI is liable for willfully violating the FCRA by engaging in the following conduct:

    a.  knowingly or recklessly failing to notify consumers contemporaneously of the fact that criminal record information is being provided to prospective employers;

    b.  knowingly or recklessly failing to maintain strict procedures to assure that the information is complete and up to date;

    c.  knowingly or recklessly failing to utilize procedures designed to assure maximum possible accuracy of the information they sell to prospective employers; and

    d.  otherwise failing to comply with the FCRA.

42.     Plaintiff and putative Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

43.     Plaintiff and putative Class Members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

44.     In the alternative to the allegations that these violations were willful, Plaintiff and putative Class Members allege that the violations were negligent and seek issue certification of

that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o and Fed. R. Civ. P. 23(c)(4).

## COUNT TWO - CLASS CLAIM
## EBC'S VIOLATIONS OF FCRA

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.     Pursuant to 15 U.S.C. § 1681n, EBC willfully violated the FCRA by engaging in the following conduct:

  a.  knowingly or recklessly failing to utilize procedures designed to assure maximum possible accuracy of the information they sell to prospective employers; and

  b.  otherwise failing to comply with the FCRA.

47.     Plaintiff and putative Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48.     Plaintiff and putative Class Members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

49.     In the alternative to the allegations that these violations were willful, Plaintiff and putative Class Members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o and Fed. R. Civ. P. 23(c)(4).

## JURY TRIAL DEMAND

50.     Sanchez and the putative Class Members demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Sanchez and the putative Class Members seek the following:

a. That an order be entered certifying the proposed Class under Rule 23(c)(3) of the Federal Rules of Civil Procedure and appointing Sanchez and his counsel to represent the Class;

b. Alternatively, that an order be entered certifying the issues raised in Counts One and Two pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure;

c. That an order be entered declaring that VPI's and EBC's actions as described above are in violation of the FCRA;

d. That judgment be entered against VPI and EBC for statutory damages in the amount of not less than $100.00 and not more than $1,000.00 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

e. That judgment be entered against VPI and EBC for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

f. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

g. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA

By:   /s/ Matthew A. Dooley
Matthew A. Dooley (OH Bar 0081482)
Dennis M. O'Toole (OH Bar 0003274)
Anthony R. Pecora (OH Bar 0069660)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:   (440) 930-4001
Facsimile:   (440) 934-7208
Email:   mdooley@sheffieldlaw.com
dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com

and

11

HASSETT & ASSOCIATES, P.A.

/s/ Kenneth P. Hassett
Kenneth P. Hassett (FL Bar 910627)
6099 Stirling Road, Suite 217
Davie, Florida  33314-7236
Telephone:      (954) 791-3939
Facsimile:      (954) 791-3544
Email:          khassett@criminaldefense.cc

*Counsel for Jesus Sanchez and the putative class*

G:\27\27049\Complaint And Answers\First Amended Complaint.Docx

12