## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JESUS R. SANCHEZ, on behalf of himself and all others similarly situated**<br><br>Plaintiffs,<br><br>vs.<br><br>**VERIFIED PERSON, INC.**<br><br>Defendant,<br><br>and<br><br>**E-BACKGROUNDCHECKS.COM, INC.**<br><br>New Party Defendant. | CASE NO.  2:11-cv-02548<br><br>DISTRICT JUDGE S. THOMAS ANDERSON<br><br>MAGISTRATE JUDGE CHARMIANE G. CLAXTON |

## ANSWER OF DEFENDANT, VERIFIED PERSON, INC., TO PLAINTIFFS' FIRST AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES

Defendant, Verified Person, Inc. (hereinafter "VPI"), by and through its undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby Answers Plaintiffs' First Amended Complaint, as follows:

## PRELIMINARY STATEMENT

1.        Admitted in part; denied in part.  It is admitted only that Plaintiff purports to bring this matter as a consumer class action for alleged violations of the Fair Credit Reporting Act ("FCRA").  VPI denies the allegations in the Preliminary Statement that VPI violated the FCRA or is liable to plaintiff or any putative class.  It is denied that this matter can be properly maintained as a class action, that plaintiff is a proper class representative or that plaintiff or any putative class members are entitled to any relief under the FCRA.  By way of further answer, any

1

and all allegations regarding any policies, procedures or alleged actions of VPI are denied as conclusions of law to which no response is required.  By way of further answer, to the extent any allegations in Paragraph 1 refer to a party other than VPI, said allegations are denied.

## JURISDICTION AND VENUE

2.      Denied.  This court lacks subject matter jurisdiction, because the sole named plaintiff has been offered complete relief for his potential recovery under the FCRA pursuant to an Offer of Judgment made in accordance with F.RC.P. 68.  As such, plaintiff no longer maintains a stake in the litigation and the court does not have subject matter jurisdiction.  *See* Article III of the United States Constitution.  By way of further response, the allegations in Paragraph 2 are conclusions of law to which no response is required.

3.      Denied.  The allegations in Paragraph 3 are conclusions of law to which no response is required.

## PARTIES

4.      Denied as stated.  VPI lacks sufficient knowledge or information regarding plaintiff's residency and, therefore, denies same.  The remaining allegations of paragraph 4 are denied as conclusions of law to which no response is required.

5.      Admitted in part; denied in part.  It is admitted only that VPI is a Delaware corporation headquartered in Memphis, Tennessee.  The remaining allegations of paragraph 5 are denied as conclusions of law to which no response is required.

6.      Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

2

## FACTUAL ALLEGATIONS PERTAINING TO VPI

7.      Denied.  The allegations in Paragraph 7 are conclusions of law to which no response is required.

8.      Admitted in part; denied in part.  It is admitted only that VPI's business includes providing background screening reports to its customers, which may include the criminal record history of individuals.  The remaining allegations of Paragraph 8 are denied as conclusions of law to which no response is required.

9.      Admitted in part; denied in part.  It is admitted only that VPI's business includes providing background screening reports to its customers, which may include the criminal record history of individuals.  The remaining allegations of Paragraph 9 are denied as conclusions of law to which no response is required.

10.      Denied.  The allegations in Paragraph 10 are conclusions of law to which no response is required.

11.      Denied.  The allegations in Paragraph 11 are conclusions of law to which no response is required.

12.      Denied.  The allegations in Paragraph 12 are conclusions of law to which no response is required.

13.      Denied.  VPI denies that its policies, practices or procedures do not meet the requirements of the FCRA.  To the contrary, VPI maintains appropriate policies, practices and procedures in conformance with the FCRA.  By way of further response, the allegations of paragraph 13 are conclusions of law to which no response is required.

14.     Denied.  The allegations in Paragraph 14 are conclusions of law to which no response is required.   By way of further answer, at all relevant times, VPI maintained appropriate policies, practices and procedures in conformance with the FCRA.

15.     Denied.  The allegations in Paragraph 15 are conclusions of law to which no response is required.   By way of further answer, at all relevant times, VPI maintained appropriate policies, practices and procedures in conformance with the FCRA.

16.     Denied.  The allegations in Paragraph 16 are conclusions of law to which no response is required.   By way of further answer, at all relevant times, VPI maintained appropriate policies, practices and procedures in conformance with the FCRA.

## FACTUAL ALLEGATIONS PERTAINING TO EBC

17.     Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

18.     Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

19.     Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

20.     Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

21.     Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

22.     [sic] Plaintiffs' First Amended Complaint lacks a Paragraph 22.  VPI inserts this paragraph as a placeholder in order to continue the appropriate numbering sequence.

23.     Denied.  VPI is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 23 and, therefore, denies same.

24.     Denied.  VPI is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 24 and, therefore, denies same.

25.     Admitted in part; denied in part.  It is admitted only that Midway Services engaged VPI.  VPI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 25 and, therefore, denies same.

26.     Admitted in part; denied in part.  It is admitted only that EBC provided data to VPI regarding Sanchez.

27.     Admitted in part; denied in part.  It is admitted only that VPI, incorporating data provided from EBC, provided a "Background Screening Report" relating to Sanchez.  By way of further response, said Background Screening Report is a document which speaks for itself, and any characterization of the document or its contents is denied.

28.     Admitted in part; denied in part.  It is admitted only that VPI did not provide notice to Sanchez.  It is denied that any such notification was required by any statute or law.  By way of further response, upon information and belief, Sanchez was hired by Midway and therefore Midway did not take any adverse action related to the contents of the Background Screening Report.  To the extent any allegations in Paragraph 28 refer to a party other than VPI, said allegations are denied.

29.     Denied.  The allegations in Paragraph 29 are conclusions of law to which no response is required.  By way of further response, to the extent any allegations in Paragraph 29 refer to a party other than VPI, said allegations are denied.

30.     Denied.  The allegations in Paragraph 30 are conclusions of law to which no response is required.  By way of further response, to the extent any allegations in Paragraph 30 refer to a party other than VPI, said allegations are denied.

## **CLASS ACTION ALLEGATIONS**

31.     Admitted in part; denied in part.  VPI admits only that Sanchez is attempting to bring this action individually and as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.  VPI denies, as conclusions of law, that Plaintiff has properly articulated any class or subclass or that the underlying requirements for a class action lawsuit have been met or can be met by Plaintiff.  By way of further answer, VPI denies that this matter can be properly maintained as a class action, that plaintiff is a proper class representative or that plaintiff or any putative class members are entitled to any relief under the FCRA.  Additionally, the proposed class and subclasses set forth within Paragraph 31 and its subparts are denied as conclusions of law to which no response is required.  By way of further response, to the extent any allegations in Paragraph 31 refer to a party other than VPI, said allegations are denied.

32.     Admitted in part; denied in part.  VPI admits only that Sanchez is attempting to bring this action individually and as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.  VPI denies, as conclusions of law, that Plaintiff has properly articulated any class or subclass or that the underlying requirements for a class action lawsuit have been met or can be met by Plaintiff.  By way of further answer, VPI denies that this matter can be properly maintained as a class action, that plaintiff is a proper class representative or that

6

plaintiff or any putative class members are entitled to any relief under the FCRA. Additionally, the proposed class and subclasses set forth within the preceding paragraph and its subparts are denied as conclusions of law to which no response is required. By way of further response, to the extent any allegations in Paragraph 32 refer to a party other than VPI, said allegations are denied.

33. Admitted in part; denied in part. It is admitted only that VPI's business includes selling reports, some of which may contain criminal history information. The remaining allegations in Paragraph 33 are denied as conclusions of law to which no response is required. By way of further response, to the extent any allegations in Paragraph 33 refer to a party other than VPI, said allegations are denied.

34. Denied. The allegations in Paragraph 34 are conclusions of law to which no response is required.

35. Denied. The allegations in Paragraph 35 are conclusions of law to which no response is required.

36. Denied. The allegations in Paragraph 36 are conclusions of law to which no response is required.

37. Denied. The allegations in Paragraph 37 are conclusions of law to which no response is required.

38. Denied. The allegations in Paragraph 38 are conclusions of law to which no response is required. By way of further response, it is denied that a private litigant is entitled to injunctive or declaratory relief in the context of an FCRA claim. By way of further response, to the extent any allegations in Paragraph 38 refer to a party other than VPI, said allegations are denied.

39.     Denied.  The allegations in Paragraph 39 are conclusions of law to which no response is required.

## COUNT ONE –VPI

40.     VPI incorporates its answers to paragraphs 1 – 39 hereof, as if the same were fully set forth herein.

41.     a. – d.   Denied.  The allegations in Paragraph 41 and each of its subparts are denied as conclusions of law to which no response is required.

42.     Admitted in part; denied in part.  It is admitted only that Plaintiff and putative Class members seeks statutory damages.   It is denied that there is any entitlement to any form of damages and any such allegations are denied as conclusions of law to which no response is required.

43.     Admitted in part; denied in part.  It is admitted only that Plaintiff and putative Class members seeks punitive damages.   It is denied that there is any entitlement to any form of damages and any such allegations are denied as conclusions of law to which no response is required.

44.     Denied.  The allegations in Paragraph 44 are denied as conclusions of law to which no response is required.

## COUNT TWO – EBC

45.     VPI incorporates its answers to paragraphs 1 – 44 hereof, as if the same were fully set forth herein.

46.     Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

47.      Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

48.      Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

49.      Denied.  The allegations in this paragraph refer to a party other than VPI and, as such, are denied.

## JURY TRIAL DEMAND

50.      Admitted.

## PRAYER FOR RELIEF

**WHEREFORE,** VPI requests that judgment be entered in its favor and against Plaintiff, together with interest, fees and costs and that Plaintiff's individual claims and class claims be dismissed, with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim, either individually or on behalf of any class, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a viable class action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not incur any actual damages, since Plaintiff was hired by Midway Services despite any criminal history information in Plaintiff's background screening report.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate class representative.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's defined class and/or subclass lacks typicality and commonality.

## SIXTH AFFIRMATIVE DEFENSE

As a matter of law, there is no valid basis for the proposed "1681k class", since a CRA can either maintain strict procedures or provide notice to a consumer in accordance with the FCRA.  There is no obligation to provide notice to each consumer, due to the choice given to the CRA by the terms of the statute.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet the standards for class certification as set forth in the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

The questions of law and fact common to the proposed class members do not predominate over questions effecting only plaintiff.

## NINTH AFFIRMATIVE DEFENSE

The proposed class and/or subclass are not so numerous that joinder of all members is impracticable.

## TENTH AFFIRMATIVE DEFENSE

A class action is not superior to other available means for the fair and effective adjudication of the controversy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot fairly and adequately assert and protect the interests of the alleged class and/or subclass.

## TWELFTH AFFIRMATIVE DEFENSE

VPI acted in accordance with the FCRA at all times relevant.

## THIRTEENTH AFFIRMATIVE DEFENSE

VPI did not act willfully or maliciously or recklessly in issuing plaintiff's background screening report.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any proposed class members may be barred or limited by the provisions of the FCRA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

VPI asserts any and all defenses available to it under the FCRA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any proposed class members may be barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a release.  Pursuant to the Midway Services Applicant Notification form signed by Plaintiff, Plaintiff agreed to release VPI, and hold VPI harmless from all liability with respect to his application for employment at Midway Services, including

any information requested or supplied with respect to said application, including verification of his criminal history by VPI.

## NINETEENTH AFFIRMATIVE DEFENSE

The named plaintiff's individual circumstances are markedly different than other alleged class members.

## TWENTIETH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction, because the sole named plaintiff has been offered complete relief for his potential recovery under the FCRA pursuant to an Offer of Judgment made in accordance with F.RC.P. 68.  As such, plaintiff no longer maintains a stake in the litigation and the court does not have subject matter jurisdiction.  *See* Article III of the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

VPI reserves the right to raise additional defenses as this case proceeds through discovery.

**WHEREFORE,** VPI requests that judgment be entered in its favor and against Plaintiff, together with interest, fees and costs and that Plaintiff's individual claims and class claims be dismissed, with prejudice.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

**BY:**   /s/ Eric A. Packel
ERIC A. PACKEL
Attorney ID. No. 49776
1845 Walnut Street
Philadelphia, PA  19103

12

215-575-4554
215-575-0856 (fax)
eapackel@mdwcg.com
(Admitted *Pro Hac Vice*)

Attorneys for Defendant, Verified Person, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of February, 2012, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

Matthew A. Dooley, Esq.
Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman Co., LPA
5455 Detroit Road
Sheffield Village, OH  44054

Kenneth P. Hassett, Esq.
Hassett & Associates, P.A.
6099 Stirling Road, Suite 217
Davie, FL  33314-7236

Michael T. Schmitt, Esq.
Ortale, Kelley, Herbert & Crawford
200 Fourth Avenue N.
Third Floor, Noel Place
Nashville, TN  37219

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

**BY:**   /s/ Eric A. Packel
ERIC A. PACKEL
Attorney ID. No. 49776
1845 Walnut Street
Philadelphia, PA  19103
215-575-4554
215-575-0856 (fax)
eapackel@mdwcg.com
(Admitted *Pro Hac Vice*)

Attorneys for Defendant, Verified Person, Inc.

14