# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

JESUS R. SANCHEZ, on behalf of himself and )
all others similarly situated, )
)
    **Plaintiffs,** )
)
v. )  **No. 11-2548-STA-cgc**
)
VERIFIED PERSON, INC., and )
E-BACKGROUNDCHECKS.COM INC., )
)
    **Defendants.** )

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OFFER OF JUDGMENT

Before the Court is Plaintiff's Motion to Strike Defendant's Offer of Judgment (D.E. # 20), filed on January 18, 2012. Defendants filed a Response (D.E. # 22) on February 1, 2012. For the following reasons, Plaintiff's Motion is **DENIED**, and judgment is to be entered for Plaintiff in the amount of $25,000.00.

## BACKGROUND

Plaintiff filed his Complaint against Defendant Verified Person, Inc. ("Verified") on June 30, 2011. (D.E. # 1.) The Complaint, styled as a Class Action Complaint, concerned Verified's alleged willful and negligent violations of the Fair Credit Reporting Act ("FCRA"). (D.E. # 1, at 1.) Verified filed its Answer (D.E. # 16) on September 19, 2011. After the Magistrate Judge entered the Scheduling Order (D.E. # 18) on October 11, 2011, which set the deadline for Plaintiff's class certification motion at June 30, 2012, the docket reflects little activity until

Verified served an Offer of Judgment ("the Offer") on Plaintiff on January 11, 2012.  (Pls.' Mot. to Strike, D.E. # 20-1, at 4.)  Plaintiff filed a Motion to Strike the Offer (D.E. # 20) on January 18, 2012, and Verified filed a Response on February 1, 2012.  (D.E. # 22.)  Plaintiff also filed an Amended Complaint (D.E. # 24) on February 2, 2012, to which Verified filed an Answer (D.E. # 26) on February 16, 2012.  The Amended Complaint added a defendant, E-Backgroundchecks.com, Inc. ("E-background"), but the Amended Complaint still contained class action allegations similar to those in the original Complaint.  Thus, E-background is not a party to the Offer, nor has it joined Verified's Motion.  The current Scheduling Order's deadline for Plaintiffs' Rule 23 certification motion is April 1, 2013.  (D.E. # 38, at 2.)

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 68 ("Rule 68") provides that, "[a]t least [fourteen] days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."[1]  Moreover, "an unaccepted offer is considered withdrawn, but it does not preclude a later offer.  Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."[2]  The purpose of Rule 68 is to "encourage settlement and avoid litigation. . . . The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."[3]  Failure to accept an offer of judgment may have adverse consequences: "if a plaintiff rejects a defendant's offer of judgment, and the judgment finally

---

[1]      Fed. R. Civ. P. 68(a).

[2]      Fed. R. Civ. P. 68(b).

[3]      *McDowall v. Cogan*, 216 F.R.D. 46, 50 (E.D.N.Y. 2003).

obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer."[4]  Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") provides that courts "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[5]

## ANALYSIS

Rule 12(f) is the only Rule of Civil Procedure which permits striking matters before the federal courts, and even then, it only permits striking matters from pleadings.[6]  Although courts can use this rule as a basis for striking affidavits or briefs despite Rule 12(f)'s limited wording, where matters are not filed on the docket, courts have even more limited authority to strike them, as there is nothing on the docket to strike.[7]  In *Hrivnak*, the court noted that the offer of judgment had not been filed on the docket, and it thus noted that the plaintiff's motion to strike "must be denied for the simple reason that his motion does not exist under the Federal Rules."[8]  Here, the Court finds itself in a similar procedural setting: this case is still in discovery, and the Offer has not been filed as a separate docket entry as evidence in a proceeding to determine costs.  Thus, Plaintiff's Motion would have to be denied simply because the Offer is not on the docket for the Court to strike.  However, just as in *Hrivnak*, the Court finds that substantive questions regarding

---

[4]      Fed. R. Civ. P. 68(d).

[5]      Fed. R. Civ. P. 12(f).

[6]      *Id.*

[7]      *See, e.g.*, *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010); *Fair Hous. Advocates Assoc. v. NPA Hous. Prop., LLC*, No. 2:09-cv-538, 2010 WL 596477, at *1-2 (S.D. Ohio Feb. 16, 2010) (noting that Rule 12(f) could not be used to strike an offer of judgment which was filed on the docket).

[8]      *Id.*

the Offer's effect on Plaintiff's case remain, and the Court will now turn to the law regarding those issues.

The effect of an offer of judgment on a putative class action case requires consideration of the interplay between Rule 68 and Federal Rule of Civil Procedure 23 ("Rule 23") and often depends on the status of the class's certification.[9]  For example, "an offer of judgment made to a named plaintiff prior to class certification 'disappears' [if] the class is [ultimately] certified,"[10] and "[t]he great majority of federal authority holds that a Rule 68 offer of judgment cannot moot the named plaintiffs' claims after a motion for class certification has been filed."  Otherwise, defendants could unilaterally control whether the district court ever heard the certification motion if Rule 68 tenders made after the motions are filed could moot the case.[11]  District courts in the Sixth Circuit, but not the Sixth Circuit itself, have recognized that an offer of judgment will not moot a named plaintiff's claim as long as the plaintiff has not been dilatory in bringing his or her certification motion.[12]  But if a named plaintiff's claim is mooted by an offer of judgment made *before* certification of the class or the filing of a class certification motion, "dismissal of the action is required."[13]

_____

[9]        *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 385 (S.D. Ohio 2008).

[10]        *Hrivnak*, 723 F. Supp. 2d at 1029 (quoting *McDowall*, 216 F.R.D. at 52).

[11]        *Id.* at 385-86.

[12]        *Hrivnak*, 723 F. Supp. 2d at 1029 (quoting *Stewart*, 252 F.R.D. at 386).  *Stewart* appears to have borrowed this principle from a Third Circuit case, *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004).  *Stewart*, 252 F.R.D. at 386.  Of course, decisions from other Circuits are not binding on this Court, nor are decisions from other districts within this Circuit.

[13]        *Carroll*, 399 F.3d at 625 (quoting *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993)).

However, a split in authority among districts in this Circuit exists regarding the effect of Rule 68 offers of judgment before a class certification motion has been filed.  One side of the debate holds that offers of judgment will moot a case without a pending motion for class certification only if the plaintiff has been dilatory in filing the motion.[14]  In recognizing this principle, the *Stewart* court identified several justifications for its existence.  First, without taking the potential dilatory nature of the plaintiff's failure to file the motion into account, "each side w[ould] endeavor to beat the other to the punch."[15]  Thus, plaintiffs would hastily draft and file their certification motions before completing class-related discovery, and defendants would hurriedly make settlement offers or offers of judgment before plaintiffs could file their motions.[16]  Second, the mooting of the named plaintiff's case would force others to file individual suits to obtain redress, which defeats the purpose of Rule 23 class actions in the first place.[17]  Third, offers of judgment pit the named plaintiff's interests against the interests of the putative class as a whole due to Rule 68's cost-shifting provisions.[18]

In contrast, the other side of the debate takes the stricter stance that offers of judgment served before the filing of a motion for class certification will moot the named plaintiff's case and thus the putative class action as well.[19]  A case is moot when the issues presented are no

---

[14]    *See Stewart*, 252 F.R.D. at 384-86.

[15]    *Id.* at 386.

[16]    *Id.*

[17]    *Id.*

[18]    *Id.*

[19]    *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851-53 (W.D. Ky. 2007).

longer live or the parties lack a legally cognizable interest in the outcome of the case.[20]  If a controversy is moot, the court lack subject matter jurisdiction over the action, and the court should dismiss the cause under Federal Rule of Civil Procedure 12(b)(1).[21]  Mootness issues arise in the context of Rule 68 offers of judgment when the offer satisfies all of the plaintiff's legally recognizable monetary interests.[22]  In these situations, courts will force the plaintiff to accept the offer of judgment and then dismiss the claims as moot.[23]  Moreover, plaintiffs "cannot deny an offer which fully satisfies their claims and then maintain that they still have a personal stake in the outcome of the lawsuit."[24]  Otherwise allowing the litigation to continue would result in needless amounts of attorney's fees.[25]  District courts in this circuit adhering to this side of the Rule 68 debate appear to compel a plaintiff to accept a defendant's offer of judgment when that offer would fully satisfy the plaintiff's claims and prevent attorneys from needlessly amassing fees.[26]

In *Stewart*, the plaintiffs did not unduly delay filing their certification motions because they complied with the court's class certification motion deadline.[27]  However, the defendants

---

[20]     *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004).

[21]     *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

[22]     *Id.* at 851; *see also Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993).

[23]     *Id.*

[24]     *Dellarussiani v. Ed Donnelly Enters., Inc.*, No. 2:07-cv-00253, 2007 WL 3025340, at *7 (S.D. Ohio Oct. 15, 2007).

[25]     *Id.*

[26]     *Id.*

[27]     *Stewart*, 252 F.R.D. at 387.

made their offer of judgment "on the eve of plaintiffs' filing of their class certification motion."[28]

Furthermore, in *Carroll*, the motion for class certification briefing was complete and a magistrate

judge had issued a report and recommendation recommending certification of the class when the

defendants made their offer of judgment.[29]  On the other hand, the case in *Tallon* had been

pending for almost thirteen months without a motion for class certification, and when the

defendants filed a motion for summary judgment based on their offer of judgment and the

plaintiff had not filed a motion for class certification four months later, the court applied *Carroll*

and found the plaintiff's claim to be moot.[30]

In his Motion, Plaintiff argues that Rule 68 is inconsistent with the purpose of class

actions under Rule 23.[31]  Plaintiff cites to cases from the Third, Fifth, Seventh, and Eighth

Circuits which frown upon applying offers of judgment in the class action context due to

conflicts between the class representative and the putative class.[32]  Plaintiff also identifies several

district court decisions from the District of Nebraska, the District of Minnesota, the Southern

District of Mississippi, the Northern District of California, the Southern District of Texas, and

the Southern and Northern Districts of Ohio which did not apply Rule 68's offer of judgment

guidelines to class action suits.[33]  Plaintiff points out that the Offer did not provide any relief to

---

[28]     *Id.*

[29]     *Carroll*, 399 F.3d at 625.

[30]     *Tallon*, 497 F. Supp. 2d at 852-53.

[31]     (Pl.'s Mot., D.E. # 20, at 2.)

[32]     (*Id.* at 2-4.)

[33]     (*Id.* at 5-6.)

the putative class, and he notes that he seeks statutory damages between $100.00 and $1,000.00 for each putative class member, plus punitive damages, which would be far less than the Offer's amount of $25,000.00.[34]  Plaintiff anticipates that Verified either intended to persuade him to settle the case or to claim that the Offer would have fully compensated Plaintiff, thus preventing him from having standing to represent the putative class.[35]

In response, Verified argues that Plaintiff has requested the Court to effectively eliminate all offers of judgment under Rule 68 before a motion for class certification in a case in which Plaintiff has "simply pasted the label of 'class action' to his [C]omplaint."[36]  Although Verified acknowledges Plaintiff's cited cases, it points to additional cases from the Northern District of Ohio and the Western District of Kentucky which address concerns regarding the "picking off" of named plaintiffs in putative class actions.[37]  Verified downplays the potential for thrwarting class actions and instead argues the opposite implication: it asserts that permitting cases to continue after an offer of judgment which would satisfy all of the damages alleged by the named plaintiff would frustrate Rule 68's purpose of encouraging settlements, needlessly prolong litigation on the federal docket, and waste judicial resources.[38]  Verified relies on the specific

---

[34]        (*Id.* at 5.)

[35]        (*Id.* at 5-6.)  The Court notes that, while E-background has filed a Motion to Dismiss for Failure to State a Claim (D.E. # 42) and a Motion to Eliminate Class Allegations (D.E. # 43), Verified has not filed any similar motions.  While multiple defendants may make joint offers of judgment, *see Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350 n.5 (1981), the Court is not presented with such an offer in this case.

[36]        (Def.'s Resp., D.E. # 22, at 2.)

[37]        (*Id.* at 4-5.)

[38]        (*Id.* at 6.)

claim alleged by Plaintiff—that his criminal background screening report—and argues that the Complaint did not contain a "systemic issue leading to the conclusion that there are clearly other potential class members."[39]

Furthermore, Verified distinguishes Plaintiff's cited cases because they arise in the context of the Fair Debt Collection Practices Act ("FDCPA") rather than the Fair Credit Reporting Act ("FCRA"): because the FCRA does not expressly provide for class damages or contain a limitation on class damages, Verified asserts that "the cost-shifting mechanisms of Rule 68 and the purpose of encouraging settlements take on even more importance in such claims."[40]  Alternatively, Verified argues that Plaintiff's Motion is procedurally improper because offers of judgment are inadmissible except at a proceeding to determine costs.[41] Verified cites to cases from the Districts of Maryland and Arizona and argues that because it has not yet filed an unaccepted offer of judgment in a proceeding to determine costs, there is no offer of judgment before the Court to be stricken.[42]

Here, Verified has not moved for dismissal of the case for lack of an Article III case or controversy because the Offer more than satisfied Plaintiff's requested damages, thereby rendering his claim moot.  Nor has Verified used the Offer as a basis for a summary judgment motion, as in *Tallon*.  Accordingly, the Court finds itself presented with a unique set of procedural circumstances, given the distant class certification motion deadline and Verified's

---

[39]     (*Id.* at 6-7.)

[40]     (*Id.* at 8.)

[41]     (*Id.* at 9.)

[42]     (*Id.*)

decision not to file a motion to dismiss or motion for summary judgment based on the Offer, and substantive circumstances, given this case's FCRA claims as opposed to the FDCPA claims in *Carroll*.

However, these unique circumstances are of little import, as the Court must adhere to the binding precedent established by the Sixth Circuit rather than the persuasive authority put forth by Plaintiff.  The Court finds that the *Brunet* court's harsh rule regarding mootness of class actions—when "the named plaintiff's case becomes moot before certification, dismissal of the action is required"[43]—has been modified by *Carroll*.  After all, *Brunet* did not involve an offer of judgment, and *Carroll* was presented with a fully-briefed motion for class certification which was awaiting a ruling when the defendants made an offer of judgment.  *Carroll* stands for the proposition that an offer of judgment will not moot a putative class action's named plaintiff's case when the motion for class certification is pending.[44]  While *Stewart* and other decisions have modified *Carroll*'s holding to preclude mooting a putative class action's named plaintiff's case so long as the plaintiff is not dilatory in filing his or her class certification motion, the Sixth Circuit has not adopted this rule for class action cases in which offers of judgment are made. Accordingly, the Court finds that it must adhere to the bright-line rule in *Carroll* rather than the more flexible evaluation followed by *Stewart* and other Circuits.  The Court agrees with Verified's classification of Sixth Circuit law regarding the appropriateness of an offer of judgment before a class certification motion is filed: it is "unsettled" indeed.  However, until the

---

[43]     *Brunet*, 1 F.3d at 399.

[44]     *Carroll*, 399 F.3d at 625.

Sixth Circuit rules otherwise and resolves the tension between *Stewart* and *Tallon*, this Court is bound by current Circuit precedent.

Here, Plaintiff filed his Complaint on June 30, 2011, and Verified filed its Answer on September 19, 2011. However, Verified waited until January 11, 2012, to serve Plaintiff with the Offer. Accordingly, the Court finds that Verified was not attempting to pick off Plaintiff at an unduly early time in the lawsuit; while class certification motions were not due until June 30, 2012 at the time of the Offer, Verified did not serve the Offer before it filed an Answer. Moreover, Plaintiff has somewhat delayed or acquiesced in the filing of his class certification motion. After he filed the Motion to Strike now before the Court, he also moved to amend the Complaint and added a defendant, E-background. All three parties then agreed to amend the Scheduling Order, further delaying the class certification deadline until April 1, 2013. The briefing and the case law relied upon by the Court was within Plaintiff's knowledge at the time of this extension, but Plaintiff did not hurriedly file a motion for class certification. Even though all of the parties agreed to the delay in filing the class certification motion, Plaintiff should have thought twice before agreeing to such an extension in the face of the Offer.

Additionally, the Offer appears to include an amount in total satisfaction "of any and all claims and causes of action that have been asserted or could have been asserted in this lawsuit by or on behalf of Plaintiff."[45] Damages as prayed for in the Amended Complaint are for actual damages "of not less than $100 and not more than $1,000," which is the amount prescribed by the FCRA.[46] Although the FCRA also provides "such amount of punitive damages as the court

---

[45]    (Offer, D.E. # 20-1, at 1.)

[46]    *See* 15 U.S.C. § 1681n(a)(1)(A); (Am. Compl., D.E. # 24, at 11).

may allow,"[47] and Plaintiff has requested punitive damages against Verified for its allegedly willful conduct,[48] the Court finds that this amount would likely not exceed $10,000 given the 10 to 1 ratio of punitive to compensatory damages approved by the Supreme Court.[49]  Therefore, the likely maximum amount of damages Plaintiff could hope to collect would be $11,000, leaving $14,000 leftover for attorney's fees.  Although Plaintiff's attorney's fees could be in excess of this amount, the Offer also provides an escape valve:  "[r]easonable costs and attorneys' fees are to be agreed upon by the parties, or, if the parties are unable to agree, to be determined by the Court on application by Plaintiff's counsel."  Accordingly, the Court finds that the Offer fully satisfies Plaintiff's possible recovery in this lawsuit, and allowing Plaintiff's claim to continue would needlessly amass attorney's fees for Plaintiff's counsel.

Therefore, because a motion for class certification is not pending before the Court, under *Carroll* and *Brunet*, Plaintiff's claims against Verified have been rendered moot by the Offer.  Therefore, Plaintiff's Motion is **DENIED**, and "the doctrine of mootness operates to close this claim."[50]  Because Plaintiff's claim against Verified is moot, the putative class's claims are mooted as well with respect to Verified.  However, both Plaintiff's and the putative class's claims against E-background remain before the Court.  The individual claims of putative class members for any of Verified's alleged violations of the FCRA, should they wish to pursue them, would still be viable and unaffected by this ruling.

---

[47]    15 U.S.C. § 1681n(a)(2).

[48]    (Am. Compl., D.E. # 24, at 11.)

[49]    *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 581-83 (1996).

[50]    *Tallon*, 497 F. Supp. 2d at 853.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.  Plaintiff's case against Verified is hereby dismissed, and judgment shall be entered for Plaintiff in the amount of $25,000.00 as detailed in the Offer.  Moreover, as in *Tallon*, this judgment will not have any collateral estoppel effect even though the opinion and judgment could have precedential value in future proceedings involving offers of judgment for the full amount of statutory damages.[51] However, the judgment will have full res judicata effect as to Plaintiff against Verified.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 21, 2012.

---

[51]       *Id.* at 853-54.