UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JESUS R. SANCHEZ, on behalf of himself and all others similarly situated**<br><br>Plaintiff,<br><br>vs.<br><br>**VERIFIED PERSON, INC., et al**<br><br>Defendants. | CASE NO. 2:11-cv-02548<br><br>U.S. DISTRICT JUDGE S. THOMAS ANDERSON<br><br>MAGISTRATE JUDGE CHARMIANE G. CLAXTON |

**PLAINTIFF'S MOTION TO RECONSIDER AND TO SET A STATUS CONFERENCE**

Now comes the Plaintiff, Jesus R. Sanchez, ("Sanchez") on behalf of himself and all others similarly situated, and respectfully requests that the Court reconsider the judgment in its Order dated May 21, 2012 (Doc. 55) denying Plaintiff's Motion to Strike, entering judgment for Plaintiff in the amount of $25,000.00, and dismissing Plaintiff's claims against Defendant, Verified Person, Inc. ("VPI"). Plaintiff also asks the Court to set a status conference with all parties. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

CONSUMER LITIGATION ASSOCIATES, P.C.

By:  /s/ Leonard A. Bennett
Leonard A. Bennett
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662
Email:  lenbennett@clalegal.com

1

                STUMPHAUZER, O'TOOLE, McLAUGHLIN,
                McGLAMERY & LOUGHMAN CO., LPA

By:   /s/ Dennis M. O'Toole
       Matthew A. Dooley
       Dennis M. O'Toole
       Anthony R. Pecora
       5455 Detroit Road
       Sheffield Village, Ohio  44054
       Telephone:   (440) 930-4001
       Facsimile:    (440) 934-7208
       Email:        mdooley@sheffieldlaw.com
                        apecora@sheffieldlaw.com
                        dotoole@sheffieldlaw.com

       and

       HASSETT & ASSOCIATES, P.A.

       /s/ Kenneth P. Hassett
       Kenneth P. Hassett (FL Bar 910627)*
       6099 Stirling Road
       Suite 217
       Davie, Florida  33314-7236
       Telephone:   (954) 791-3939
       Facsimile:    (954) 791-3544
       Email:        khassett@criminaldefense.cc

*Counsel for Jesus R. Sanchez and the putative class*

**MEMORANDUM IN SUPPORT**

**I.    OVERVIEW**

On July 8, 2011, Sanchez filed a class action complaint against VPI alleging multiple violations of the Fair Credit Reporting Act ("FCRA") and seeking statutory damages on a class-wide basis. On January 11, 2012 VPI served Sanchez with an Offer of Judgment, which Sanchez moved to strike. In response to Plaintiff's (ill-advised) motion, VPI responded and requested only, "that this Court Deny Plaintiff's Motion to Strike VPI's Offer of Judgment." (Doc. 22 at 10). Then Court denied Plaintiff's Motion to Strike on May 21, 2012 explaining that, "Plaintiff's Motion would have to be denied simply because the Offer is not on the docket for the Court to strike." (Doc. 55, p. 3). Plaintiff does not ask the Court to reconsider such ruling.

However, the Court also went further and *sua sponte* entered judgment upon the Rule 68 offer, finding that the $25,000 offer would have made the Plaintiff whole and that it thus would moot the class claims pled. Plaintiff has not substantively briefed or argued such questions and hereby respectfully requests the Court reconsider its judgment to correct an error of law and prevent manifest injustice.

**II.   THE PARTIES REQUEST A STATUS CONFERENCE**

While the issues raised herein will likely remain contested between the Parties, Plaintiff and both Defendants have engaged in multiple communications in an effort to resolve their differences and disputes. They respectfully and jointly ask the Court to permit a status conference before ruling upon this present motion or upon any other matter now before the Court. Plaintiff also asks the Court to permit VPI an appropriate enlargement of time for its response in order to permit such requested conference.

**III.     APPLICABLE LEGAL STANDARD**

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may file a motion to alter or amend a judgment within twenty-eight (28) days after the judgment has been entered. Such a motion is often referred to as a motion to reconsider. Generally, a motion to reconsider will not be granted when it is being used to re-litigate issues previously considered by the court. *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668, 671 (6th Cir. 2003). But a motion to reconsider may be filed when there has been a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Id.* (*citing Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also MacDermid Inc. v. Electrochemicals Inc.*, Nos. 96-3995, 96-4072, 1998 U.S. App. LEXIS 6663, *19 n.7 (6th Cir. 1998) ("Motions for reconsideration are limited in purpose to correcting errors of law…").

**IV.     ARGUMENT**

    **A.     VPI's Offer of Judgment did not offer an amount greater than the amount potentially recoverable by Sanchez individually. No authority supports the premise that a single digit ratio or any ratio controls where actual or statutory damages are minimal.**

Respectfully, the Court committed a clear error of law in finding that VPI's $25,000.00 offer would moot Mr. Sanchez's individual claim because, "the likely maximum amount of damages Plaintiff could hope to collect would be $11,000[.]" (Doc. 55, p. 12). The Court made such finding concluding that punitive damages in this case "would not likely exceed $10,000.00 given the 10 to 1 ratio of punitive to compensatory damages approved by the Supreme Court." *Id*. The Court's Order incorrectly held that such a decision could be decided as a matter of law and that the 10:1 ratio analysis articulated by the Supreme Court would apply after a potential verdict for $1,000.00 in FCRA statutory damages.

4

At the core of the Court's challenged conclusion is its premise that the Supreme Court in *Gore* and *State Farm* mandated a cap of a single digit ratio of punitive to actual damages. That the jury could not properly find that an amount greater than $10,000.00 in punitive damages was appropriate in conjunction with an award of $ 1,000.00 in statutory damages.  Respectfully, no such rule exists; the unanimous rule is to the contrary, permitting punitive damages in such amount as is reasonably necessary to punish and deter, particularly when as here the actual damages awarded are minimal, nominal, or non-existent. *See, e.g., Lee v. Edwards,* 101 F.3d 805, 811 (2d Cir. 1996) ("Because the compensatory award here was nominal, *any* appreciable exemplary award would produce a ratio that would appear excessive by this measure." (emphasis in original)).  The Seventh Circuit similarly addressed the application of *Gore* and *State Farm* to a small damages case in a decision issued shortly after the Supreme Court decided *State Farm* and authored by Judge Posner. *Mathias v. Accor Economy Lodging, Inc.,* 347 F.3d 672 (7th Cir. 2003). (There the Seventh Circuit affirmed $186,000 in punitive damages where $5,000 in actual damages was awarded in a negligence action against a Motel 6 franchise for renting rooms known to be infested with bedbugs). The Eleventh Circuit affirmed a verdict allowing punitive damages of $250,000 where $115.05 in actual damages was awarded. *Kemp v. American Telephone & Telegraph Company,* 393 F.3d 1354, 1363-65 (11th Cir. 2004) See also *United Phosphorus, Ltd v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1230 (11th Cir. 2000) ("[T]he 10:1 ratio is not a sacred line in the sand, across which no punitive award may venture without feeling the wrath of an appellate court's constitutional sword."); *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1338-39 (11th Cir. 1999) (award of $4.35 million in punitive damages upheld despite 100:1 ratio of punitive to actual damages because "compensatory damages are quite small and a bigger award [was] needed to attract the attention of a large corporation").  Prompted

by concerns like the foregoing, the Fifth Circuit suggested that ratio analysis may be wholly irrelevant where only "nominal" damages (e.g., of $100) are concerned. See *Williams v. Kaufman County*, No. 02-10500, 2003 U.S. App. LEXIS 24763, at *55 (5th Cir. Dec. 9, 2003) ("[W]e agree with the district court that any punitive damages-to-compensatory damages 'ratio analysis' cannot be applied effectively in cases where only nominal damages have been awarded...").

Such conclusion – that punitive damages in small verdict cases are not "unconstitutionally excessive" because they exceed the 10-1 ratio presumption – has as well been rejected in FCRA statutory damages cases. *See Saunders v. Branch Banking & Trust, Co.*, 526 F.3d 142, 153-55 (In FCRA statutory damages case where $1,000.00 statutory damages awarded, the jury award of $80,000.00 in punitive damages was upheld because of punitive and deterrent effect). As the court in *Saunders* stated, "[t]he Supreme Court has long recognized that greater ratios [than 10 to 1] may comport with due process, however, when reprehensible conduct results "in only a small amount of economic damages." *Saunders*, at 154 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). *See also Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 972 (4th Cir. 1987) ("The award of punitive damages in the absence of any actual damages, in an appropriate case, comports with the underlying deterrent purpose of the FCRA.")

### B. *Carroll* does not support the Court's denial of Sanchez's Motion to Strike.

In denying Sanchez's Motion to Strike, the Court relied heavily upon the Sixth Circuit's decision in *Carroll v. United Compucred Collections, Inc. et al*, 399 F.3d 620 (6th Cir. 2005) and its progeny. Specifically, the Court stated that "*Carroll* stands for the proposition that an offer of judgment will not moot a putative class action's named plaintiff's case when the motion for class

certification is pending." (Order, p. 10). No court has applied *Carroll* as a "bright line rule" to enter judgment *sua sponte* according to the terms of an offer of judgment ***prior*** to the filing a motion for class certification. *Id.* In other words, the Court has added new meaning to Carroll, such that any defendant may moot a class representative's claim by serving an offer of judgment prior to the filing of a motion for class certification. *Carroll* addressed a limited issue: does an offer of judgment *which is accepted* moot a putative class action's claims when a class certification motion is pending?

Notably, Sanchez never accepted VPI's offer of judgment. *Tallon v. Lloyd & McDaniel*, 497 F. Supp.2d 847, 851 (W.D. Ky. 2007)(a plaintiff has no obligation to accept a Rule 68 offer of judgment). But the Court's order constrains class litigants and expands Rule 68, such that a named plaintiff has no right to reject an offer of judgment that "fully satisfies" his claims. And at the same time, full satisfaction does not require any relief for thousands of class members aggrieved by a defendant's conduct. (Doc. 55, p. 6) (*citing Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993); *Dellarussiani v. Ed Donnelly Enters. Inc.*, No. 2:07-cv-00253, 2007 WL 3025340, at *7 (S.D. Ohio)).

The Court's decision is premised upon a rule not yet applied to class action cases. Indeed, both *Brunet* and *Dellarussiani* were ***individual*** cases. Certainly, in an individual case if the offer fully satisfies all the possible claims of the plaintiff, the law requires the plaintiff to accept the offer. Applying the same principle to class action cases would effectively eliminate class actions based on statutory damages. Defendants facing potential liability on a class-wide basis could avoid any consequences by making offers of judgment that satisfy ***only the representative plaintiff's claims***. The consequence of such a result leads to a manifest injustice to putative class members.

### C. Sanchez has not been dilatory in moving for class certification.

A vast majority of jurisdictions have held that an offer of judgment will not moot a named plaintiff's claims as long as the plaintiffs have not been dilatory in moving for class certification. *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008). In *Carroll,* the plaintiffs had already moved for class certification, obviating any discussion of their diligence in doing so. Indeed, the Court should not have rejected an analysis of Sanchez's diligence based on an adherence to the tenets of *Carroll*. Rather Sanchez requests that the Court consider the rule adopted in *Stewart* that an offer of judgment ***made pre-certification*** cannot moot the named plaintiffs' claims as long as the plaintiffs have not been dilatory in moving for class certification.[1]

In *Stewart,* the court had extended the deadline to move for class certification, much like the Court did here. Prior to the deadline, the defendant served an offer of judgment to the named plaintiff, who in turn moved to strike the offer, and moved for class certification on the scheduled date. Here, the Court extended Sanchez's deadline to move for class certification on or before April 1, 2013. Nonetheless, the Court stated that Sanchez "delayed or acquiesced" in the filing of his class certification motion. This is simply not the case. As the Court is aware the parties are in the midst of highly technical litigation, where discovery related to class certification is not scheduled to conclude until December 12, 2012.

Hurriedly filing a class certification motion would be unfair to the Court, unfair to the interests of the putative class members, and, as a practical matter, simply bad practice.

---

[1] *See Stewart*, 252 F.R.D. 384, 385 (S.D. Ohio 2008) ("First, if it were otherwise--if the putative class representatives' claims could be mooted by a settlement offer tendered *before* the certification motion is filed--each side will endeavor to beat the other to the punch. Plaintiffs will be forced to swiftly file their certification motions, before completing class-related discovery, in order to maintain their claims. *Zeigenfuse v. Apex Asset Mgmt.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006). Defendants, on the other hand, will race to make their settlement offers before plaintiffs file their certification motions.")

Moreover, the Parties' agreement to extend the certification deadline seems irrelevant to the question of diligence in bringing the motion because VPI's offer of judgment was granted before the original deadline of June 30, 2012 passed. Thus, the Parties' agreement to extend the deadline was as meaningless as the deadline itself if *Carroll* permits a defendant to moot any class action claim via a pre-certification offer of judgment.

### D. The Court should reconsider entering judgment *sua sponte* to prevent manifest injustice.

In ruling upon Sanchez's Motion to Strike, the Court considered points and authorities beyond those raised in the parties' briefing of the motion. At a minimum, Sanchez asks the Court to permit the parties to brief the many issues presented by the Order.

Sanchez also asks the Court to consider the practical effect of its decision. Certainly, the Court's time is a valuable and precious commodity in our system of justice. But in the future, this decision will not assist in weeding out "good" cases from "bad" or prevent unnecessary litigation or attorney fees. Instead, it will simply promote a race out of the gate, where plaintiffs file hasty motions for class certification, even prior to the expiration of a court-approved deadline for the sole purpose of defeating a defendant's offer of judgment. *See Stewart*, 252 F.R.D. 384, 385 (S.D. Ohio 2008). This will prove particularly problematic for litigants enforcing rights under the FCRA and other highly technical statutory schemes; the more complicated the litigation, the more difficult it will be to hastily craft an appropriately developed class certification motion. This seems particularly unfair where a defendant (oftentimes a multinational corporation) can simply annihilate the litigation with a minimal offer of judgment that provides no relief to the putative class.

### V. CONCLUSION

Based upon the foregoing, Sanchez respectfully requests that the Court reconsider its

May 21, 2012 order, and grant all other relief deemed equitable and just.

    Respectfully submitted,

    CONSUMER LITIGATION ASSOCIATES, P.C.

By:   /s/ Leonard A. Bennett
    Leonard A. Bennett
    763 J. Clyde Morris Blvd. 1-A
    Newport News, VA 23601
    Telephone:  (757) 930-3660
    Facsimile:  (757) 930-3662
    Email:  lenbennett@clalegal.com


    STUMPHAUZER, O'TOOLE, McLAUGHLIN,
    McGLAMERY & LOUGHMAN CO., LPA

By:   /s/Dennis M. O'Toole
    Matthew A. Dooley
    Dennis M. O'Toole
    Anthony R. Pecora
    5455 Detroit Road
    Sheffield Village, Ohio 44054
    Telephone:  (440) 930-4001
    Facsimile:  (440) 934-7208
    Email:  mdooley@sheffieldlaw.com
        apecora@sheffieldlaw.com
        dotoole@sheffieldlaw.com

and

HASSETT & ASSOCIATES, P.A.

/s/ Kenneth P. Hassett
Kenneth P. Hassett (FL Bar 910627)*
6099 Stirling Road
Suite 217
Davie, Florida 33314-7236
Telephone:  (954) 791-3939
Facsimile:  (954) 791-3544
Email:  khassett@criminaldefense.cc

*Counsel for Jesus R. Sanchez and the putative class*

## **CERTIFICATE OF SERVICE**

I certify that on June 18, 2012, I electronically filed this Motion for Reconsideration with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record.

/s/ Leonard A. Bennett
*Counsel for Jesus Sanchez and the putative class*